UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  2:26-cv-01630-DOC-KS                                      Date: February 26, 2026

Title  <u>Scott Hochstetter v. City of Los Angeles et al.</u>

---

Present: The Honorable:    Karen L. Stevenson, Chief United States Magistrate Judge

| Gay Roberson | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiff: N/A          Attorneys Present for Defendants: N/A

**Proceedings: (IN CHAMBERS) ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

### BACKGROUND

On February 17, 2026, Plaintiff, an individual proceeding *pro se* in this civil rights action, filed a Complaint against the City of Los Angeles, the Los Angeles Police Department, and 21 individual Defendants.  (Dkt. No. 1 (Complaint).)  The Complaint makes allegations concerning various incidents and confrontations that occurred in 2023 and 2024 involving individuals (including Plaintiff) who were picketing a location of the Church of Scientology in Los Angeles.  (*Id.*)  The protestors allegedly clashed with police officers and patrons of a bar located near the location where the incidents occurred.  (*Id.*)  A number of the supporting factual allegations in the Complaint concern acts allegedly committed against individuals other than Plaintiff in what appears to be an effort to broadly allege that police officers showed bias against the protestors.  (*Id.* at 14-21, 31, 34, 37, 43-44, 49.)

The Complaint also references, and challenges the validity of, arrests and criminal charges brought against Plaintiff resulting from incidents that gave rise to this lawsuit.  (*Id.* at 4-8, 24, 25, 28, 36, 37-41, 44-47, 52.)  The Complaint brings 10 causes of action against Defendants for alleged constitutional violations pursuant to 42 U.S.C. § 1983, including false arrest, unlawful seizure, selective law enforcement, and malicious prosecution.  (*Id.* at 43-49.)  Plaintiff seeks declaratory relief, compensatory damages, special and economic damages, punitive damages, injunctive relief, and costs and fees.  (*Id.* at 49-52.)

\\

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:26-cv-01630-DOC-KS                                                Date: February 26, 2026

Title   *Scott Hochstetter v. City of Los Angeles et al.*

**STANDARD OF REVIEW**

Federal courts are "obligated to raise" issues concerning subject matter jurisdiction *sua sponte* at any stage of a litigation if it is found lacking. *United States v. Bastide-Hernandez*, 39 F.4th 1187, 1190 (9th Cir. 2022).

A plaintiff, as the party asserting federal jurisdiction, has the burden of establishing Article III standing. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006) (*see also Bowen v. Energizer Holdings, Inc.*, 118 F.4th 1134, 1142 (9th Cir. 2024) (citing *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021)) ("To satisfy Article III's case or controversy requirement, a plaintiff must establish that she has standing to invoke the jurisdiction of the federal courts."). To make the required showing, a plaintiff must specifically show that he or she suffered an injury in fact that is concrete, particularized, and actual or imminent, that the injury was likely caused by the defendant, and that the injury would likely be redressed by a favorable judicial decision. *Id.* To satisfy the "injury in fact" element, the plaintiff must "be himself among the injured." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 563 (1992) (citation omitted).

Additionally, while federal courts have a presumptive obligation to decide cases within their jurisdiction, *Younger v. Harris*, 401 U.S. 37 (1971) set forth an exception to that rule in which federal courts are not permitted "to stay or enjoin pending state court proceedings except under special circumstances." *Yelp, Inc. v. Paxton*, 137 F.4th 944, 950 (9th Cir. 2025) (*quoting Younger*, 401 U.S. at 41); *see also Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) ("When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution."). *Younger* also applies when action by a federal court would "effectively enjoin the state proceedings." *Citizens for Free Speech, LLC v. County of Alameda*, 953 F.3d 655, 657 (9th Cir. 2020); *see also ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014) (federal courts are to "consider whether the federal action would have the practical effect of enjoining the state proceedings . . . .").

Alternatively, where criminal proceedings are no longer ongoing, but the plaintiff has sustained a conviction, *Heck v. Humphrey*, 512 U.S. 477 (1994), provides that a civil rights claim "is not cognizable under § 1983" if the plaintiff's success would "render a conviction or sentence invalid." *Heck*, 512 U.S. at 486-87. "[T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:26-cv-01630-DOC-KS                                              Date: February 26, 2026

Title       *Scott Hochstetter v. City of Los Angeles et al.*

a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been (1) reversed on direct appeal, (2) expunged by executive order, (3) declared invalid by a state tribunal authorized to make such determination, or (4) called into question by a federal court's issuance of a writ of habeas corpus." *Id.* A civil claim that implicates the validity of pending criminal charges does not accrue until the charges, or subsequent conviction, have been invalidated. *See Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) (holding that *Heck* barred the plaintiff's claims that defendants lacked probable cause to arrest him and brought unfounded criminal charges against him).

When the plaintiff appears *pro se* in a civil rights case, courts must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."). However, in giving liberal interpretation to a *pro se* complaint, the court may not supply essential elements of a claim that were not initially pled. *Byrd v. Maricopa Cnty. Sheriff's Dep't*, 629 F.3d 1135, 1140 (9th Cir. 2011). Moreover, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

**DISCUSSION**

As a threshold matter, it appears that Plaintiff lacks standing to bring several allegations raised in the Complaint because those allegations set forth incidents involving other individuals, where Plaintiff was not "himself among the injured." *DaimlerChrysler Corp.*, 547 U.S. at 342; *Bowen*, 118 F.4th at 1142; *Lujan*, 504 U.S. at 563. To the extent Plaintiff raises factual allegations that do not support his causes of action, which only concern his <u>own</u> alleged injuries, he must delete those allegations from any amended pleading.

Moreover, as discussed above, the Complaint references and challenges the validity of criminal proceedings commenced against Plaintiff resulting from alleged confrontations with police. (Compl. at 4-8, 24, 25, 28, 36, 37-41, 44-47, 52.) Indeed, Plaintiff's first, second, fourth, fifth, and sixth causes of action go directly to the core of criminal charges allegedly brought against him. (*Id.* at 43-47.) To the extent those criminal proceedings are ongoing, Plaintiff's causes of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:26-cv-01630-DOC-KS                                                          Date: February 26, 2026

Title      <u>Scott Hochstetter v. City of Los Angeles et al.</u>

action appear to be barred by the *Younger* abstention doctrine. Plaintiff not only seeks injunctive relief in this lawsuit based on Defendants allegedly "[s]ubjecting Plaintiff to unlawful detention, arrest, or investigation without probable cause," but the relief he seeks would also effectively enjoin any ongoing state criminal proceedings arising from the alleged incidents at issue here. *Younger*, 401 U.S. at 41; *Yelp, Inc.*, 137 F.4th at 950; *Sprint Commc'ns, Inc.*, 571 U.S. at 72; *Citizens for Free Speech, LLC*, 953 F.3d at 657; *ReadyLink Healthcare, Inc.*, 754 F.3d at 759. Alternatively, to the extent Plaintiff has been convicted of any of the charges he alleges, the causes of action alleged in the Complaint are subject to the *Heck* bar. *Heck*, 512 U.S. at 486-87; *Smithart*, 79 F.3d at 952.

In any amended pleading, Plaintiff must state whether the arrests and charges against him referenced in the Complaint allude to ongoing criminal proceedings *and* whether he suffered any conviction as a result of those arrests and charges.

Based on these defects, the Complaint is **DISMISSED WITH LEAVE TO AMEND**.[1] If Plaintiff still wishes to pursue this action, he is granted **thirty (30) days** from the date of this Order within which to file a First Amended Complaint curing the defects in the Complaint described above. **Plaintiff is expressly cautioned that failure to timely file a First Amended Complaint and correct the deficiencies described above may result in a recommendation that this action be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).**

**IT IS SO ORDERED**.

|  | : |
|---|---|
| **Initials of Preparer** | gr |

---

[1] Magistrate judges may dismiss a complaint with leave to amend without approval of the district judge. *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).