UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:26-cv-01630-DOC-KS                                      Date: May 7, 2026

Title      _Scott Hochstetter v. City of Los Angeles et al._


Present: The Honorable:      Karen L. Stevenson, Chief United States Magistrate Judge


|  Kerri Hays  |  N/A  |
| :---: | :---: |
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiff: N/A          Attorneys Present for Defendants: N/A

**Proceedings: (IN CHAMBERS) ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND**


**BACKGROUND**


On February 17, 2026, Plaintiff, an individual proceeding _pro se_ in this civil rights action, filed a Complaint against the City of Los Angeles, the Los Angeles Police Department, and 21 individual Defendants.  (Dkt. No. 1 (Complaint).)  The Complaint made allegations concerning various incidents and confrontations that occurred in 2023 and 2024 involving individuals (including Plaintiff) who were picketing a location of the Church of Scientology in Los Angeles.  (_Id._)  The Complaint also referenced, and challenged the validity of, arrests and criminal charges brought against Plaintiff resulting from incidents that gave rise to this lawsuit.  (_Id._ at 4-8, 24, 25, 28, 36, 37-41, 44-47, 52.)

On February 26, 2026, the Court issued an Order Dismissing Complaint with Leave to Amend ("ODLA"). (Dkt. No. 5.)  The ODLA identified two patent defects in the Complaint.  First, the Court found that Plaintiff appeared to lack standing to bring several of his allegations made on behalf of other individuals.  (_Id._ at 3.)  Second, the Court found that several of Plaintiff's causes of action referenced and challenged the validity of criminal proceedings commenced against Plaintiff arising out of the incidents alleged in the Complaint.  (_Id._ at 3-4.)  Consequently, the Court concluded that "[t]o the extent those criminal proceedings are ongoing, Plaintiff's causes of action appear to be barred by the _Younger_ abstention doctrine."  (_Id._)  Alternatively, the Court found that "to the extent Plaintiff has been convicted of any of the charges he alleges, the causes of action alleged in the Complaint are subject to the _Heck_ bar."  (_Id._ at 4.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.   2:26-cv-01630-DOC-KS                                     Date: May 7, 2026

Title      _Scott Hochstetter v. City of Los Angeles et al._


The Court directed Plaintiff to file an amended pleading that included a statement "whether the arrests and charges against him referenced in the Complaint allude to ongoing criminal proceedings and whether he suffered any conviction as a result of those arrests and charges."  (*Id.*)

On April 9, 2026, Plaintiff filed a First Amended Complaint ("FAC").  (Dkt. No. 7.)  The FAC pares down the number of defendants from 23 to 17; Petitioner is now suing the City of Los Angeles, Church of Scientology Celebrity Centre International, and 15 individual actors including 14 police officers and one security guard, in both their individual and official capacities.  (*Id.* at 1-2.)  The FAC expressly "seeks to redress an ongoing campaign of retaliation, intimidation, selective enforcement, unlawful seizure of property, and deprivation of constitutional rights carried out under color of state law against" Plaintiff.  (*Id.* at 2 ¶ 1.)  The FAC appears to focus primarily on an arrest made on Plaintiff on February 16, 2024.  (*Id.* at 4-8, 14, 15, 23, 39-42 ¶¶ 6, 7, 12, 14, 15, 21, 23-25, 58, 59, 62, 100, 169, 171, 177, 182.)

The FAC makes the following factual allegations concerning Plaintiff's February 16, 2024 arrest:

- A physical altercation between Church of Scientology protestors and patrons of an adjacent bar occurred, the police responded, and "CHRISTOPHER, the security guard for the BAR told MATA [a police officer] that PLAINTIFF possessed a weapon.  MATA then broadcast over the radio that the battery suspect was possibly armed."  (*Id.* at 19 ¶ 84.)

- "MATA informed other officers that they were effectuating a PPA on PLAINTIFF for battery. . . . [and] officers intercepted and arrested him for battery."  (*Id.* at 19-20 ¶ 85.)

- "John Doe 1 was then transported in a LAPD vehicle to the location where PLAINTIFF was being held for a field show up. At that time John Doe 1 identified PLAINTIFF as the individual who allegedly committed the battery, . . . ."  (*Id.* at 20 ¶ 87.)

- Defendant Officer Emeterio completed a police report and Plaintiff was arrested by the Los Angeles Police Department.  (*Id.* at 20 ¶ 88.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:26-cv-01630-DOC-KS                                          Date: May 7, 2026

Title      *Scott Hochstetter v. City of Los Angeles et al.*

- Plaintiff's vehicle was towed, checked for fingerprints, and was searched the next day for weapons pursuant to a search warrant.  (*Id.* at 21 ¶¶ 93, 94.)

- "PLAINTIFF was initially arrested for battery and, the following morning he was rearrested for felony conspiracy and illegal use of pepper spray.  Officers claimed the incident involved an unlawful assembly and that PLAINTIFF, as a purported felon, was prohibited from possessing pepper spray."  (*Id.* at 23 ¶ 99.)

- Plaintiff was held in custody from February 16 to 22, 2024.  (*Id.* at 23 ¶ 100.)

- In the search of Plaintiff's vehicle, officers found evidence that Plaintiff was on probation for another matter.  (*Id.* at 40 ¶ 171.)

- Plaintiff's probation in another jurisdiction (West Virginia) was subsequently revoked.  (*Id.* at 41-42 ¶ 177.)

- Plaintiff's arrest "was not isolated but part of a broader pattern of conduct evidencing coordination between Scientology and LAPD officers to target individuals protesting Scientology, while declining to arrest individuals aligned with, or supportive of Scientology engaging in similar conduct."  (*Id.* at 4 ¶ 6.)

- The arrest "compelled him to seek relief for two unlawful arrests within the applicable statute of limitations, while he simultaneously faces charges in the Los Angeles court system."  (*Id.*)

- The statute of limitations to bring a "§ 1983 claim arising from the February 16, 2024 arrest expired on February 16, 2026; however, because that date fell on a court holiday, the deadline extended to February 17, 2026."  (*Id.* at 4 ¶ 7.)

- Plaintiff seeks "relief for the [Private Person's Arrest] on February 16, 2024 which involved allegations of battery, as well as for the arrest on February 17, 2024 alleging felony conspiracy and unlawful use of tear gas."  (*Id.* at 5 ¶ 12.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    2:26-cv-01630-DOC-KS                                      Date: May 7, 2026

Title       _Scott Hochstetter v. City of Los Angeles et al._

- "The current charges pending in court do not include any allegations of conspiracy, and no other person is charged with conspiring with PLAINTIFF.  The two other individuals arrested on February 16, 2024 in connection with the alleged conspiracy were not charged and are not facing any criminal proceedings."  (_Id._ at 5 ¶ 14.)

- "The original arrest was a Private Person[']s Arrest, but no PPA was filed or effectuated.  No Defendants witnessed the alleged misdemeanor battery, no investigation was conducted nor witnesses interviewed before, during or after arrest and no video footage of the incident was reviewed.  Moreover, no arrests were made in connection with the numerous alleged batteries against other picketers on February 16, 2024."  (_Id._ at 5-6 ¶ 15.)

- "On February 16, 2024, PLAINTIFF was initially arrested on allegations of battery pursuant to a Private Person's Arrest ("PPA").  The following day, law enforcement escalated the matter, altering the charges to include Felony PC § 183 conspiracy and PC § 22810 illegal possession of tear gas.  These charges were later rejected by the Los Angeles County District Attorney after PLAINTIFF spent six days in custody."  (_Id._ at 7 ¶ 21.)

- "More than one year later, in or about March 2025, Defendants recharged PLAINTIFF with a felony violation of PC § 245, assault with a deadly weapon, arising from the same February 16, 2024 incident."  (_Id._ at 8 ¶ 23.)

- "Two individuals present during the February 16, 2024 incident, who were also arrested for PC § 183, were not prosecuted, had their charges dismissed, and were not recharged after they ceased protest activity," and "PLAINTIFF is informed and believes, and on that basis alleges, that no other individuals were questioned, arrested, or prosecuted for conspiracy in connection with the February 16, 2024 incident, despite Defendants' assertion that PLAINTIFF was part of a coordinated conspiracy."  (_Id._ at 8 ¶¶ 24, 25.)[1]

---

[1] Plaintiff sets forth detailed allegations about the incidents leading to his arrest on February 16, 2024 (dkt. no. 7 at 14-19 ¶¶ 58-83); for sake of efficiency, the Court has not included those allegations in the above list because they do

---

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:26-cv-01630-DOC-KS                                    Date: May 7, 2026

Title      *Scott Hochstetter v. City of Los Angeles et al.*

**STANDARD OF REVIEW**

Federal courts are "obligated to raise" issues concerning subject matter jurisdiction *sua sponte* at any stage of a litigation if it is found lacking. *United States v. Bastide-Hernandez*, 39 F.4th 1187, 1190 (9th Cir. 2022).

While federal courts have a presumptive obligation to decide cases within their jurisdiction, *Younger v. Harris*, 401 U.S. 37 (1971) set forth an exception to that rule in which federal courts are not permitted "to stay or enjoin pending state court proceedings except under special circumstances." *Yelp, Inc. v. Paxton*, 137 F.4th 944, 950 (9th Cir. 2025) (*quoting Younger*, 401 U.S. at 41); *see also Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) ("When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution."). *Younger* also applies when action by a federal court would "effectively enjoin the state proceedings." *Citizens for Free Speech, LLC v. County of Alameda*, 953 F.3d 655, 657 (9th Cir. 2020); *see also ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014) (federal courts are to "consider whether the federal action would have the practical effect of enjoining the state proceedings . . . .").

Alternatively, where criminal proceedings are no longer ongoing, but the plaintiff has sustained a conviction, *Heck v. Humphrey*, 512 U.S. 477 (1994), provides that a civil rights claim "is not cognizable under § 1983" if the plaintiff's success would "render a conviction or sentence invalid." *Heck*, 512 U.S. at 486-87. "[T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been (1) reversed on direct appeal, (2) expunged by executive order, (3) declared invalid by a state tribunal authorized to make such determination, or (4) called into question by a federal court's issuance of a writ of habeas corpus." *Id.* A civil claim that implicates the validity of pending criminal charges does not accrue until the charges, or subsequent conviction, have been invalidated. *See Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) (holding that *Heck* barred

---

not pertain to any matters material to this Order, i.e., whether any charges from Plaintiff's arrest on that date remain pending.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:26-cv-01630-DOC-KS                                    Date: May 7, 2026

Title      _Scott Hochstetter v. City of Los Angeles et al._

the plaintiff's claims that defendants lacked probable cause to arrest him and brought unfounded criminal charges against him).

When the plaintiff appears *pro se* in a civil rights case, courts must construe the pleadings liberally and afford the plaintiff the benefit of any doubt.  *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.").  However, in giving liberal interpretation to a *pro se* complaint, the court may not supply essential elements of a claim that were not initially pled.  *Byrd v. Maricopa Cnty. Sheriff's Dep't*, 629 F.3d 1135, 1140 (9th Cir. 2011).  Moreover, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

**DISCUSSION**

Here, the same defect exists in the FAC that existed in the original Complaint.  The FAC discusses in detail Plaintiff's February 16, 2024 arrest and charges, raises causes of action accusing authorities of selective and/or vindictive charging and/or prosecution, i.e., claims that, if successful, would invalidate that arrest and any subsequent prosecution. None of Petitioner's allegations answer the question this Court directed Plaintiff to answer in the ODLA: are there currently charges and/or is there a prosecution still pending based on the February 16, 2024 arrest? It is of no moment what was originally charged, whether different charges were subsequently added or dropped, or whether the current charges correlate with actions Plaintiff chooses to focus on.  This Court's only inquiry at this stage of this proceeding is to determine, for purposes of *Younger* abstention, the extent to which those criminal proceedings are ongoing.  Indeed, in the FAC, Plaintiff certainly implies that there is an ongoing criminal prosecution arising out of the February 16, 2024 arrest.  (Dkt. No. 7 at 5 ¶ 14 ("PLAINTIFF alleges that the current charges pending in court do not include any allegations of conspiracy, . . . .").)

As was the case in the original Complaint, Plaintiff seeks injunctive relief in this lawsuit (*id.* at 47-48) and the relief he seeks would effectively enjoin any ongoing state criminal proceedings arising from the alleged incident at issue here.  *Younger*, 401 U.S. at 41; *Yelp, Inc.*,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:26-cv-01630-DOC-KS                                    Date: May 7, 2026

Title      _Scott Hochstetter v. City of Los Angeles et al._

137 F.4th at 950; _Sprint Commc'ns, Inc._, 571 U.S. at 72; _Citizens for Free Speech, LLC_, 953 F.3d at 657; _ReadyLink Healthcare, Inc._, 754 F.3d at 759.  Furthermore, as the Court informed Plaintiff in the ODLA, to the extent Plaintiff has been convicted of any of the charges he alleges, the causes of action alleged in the Complaint are subject to the _Heck_ bar.  _Heck_, 512 U.S. at 486-87; _Smithart_, 79 F.3d at 952.

Based on these defects, the FAC is **DISMISSED**, and in the interests of justice, Plaintiff is granted **LEAVE TO AMEND** one final time.[2]  **Specifically,** the Second Amended Complaint must include a statement as to whether ongoing criminal proceedings or any convictions have occurred as a result of the February 16, 2024 arrest and charges Plaintiff alleges he suffered.

If Plaintiff still wishes to pursue this action, he is granted **thirty (30) days** from the date of this Order within which to file a Second Amended Complaint curing the defects in the FAC described above.  **Plaintiff is expressly cautioned that failure to timely file a Second Amended Complaint that actually corrects the deficiencies described above WILL result in a recommendation that this action be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).**

**IT IS SO ORDERED**.

|   | : |
|---|---|
| **Initials of Preparer** | klh |

---

[2]  Magistrate judges may dismiss a complaint with leave to amend without approval of the district judge.  _McKeever v. Block_, 932 F.2d 795, 798 (9th Cir. 1991).