Scott Hochstetter
5419 HOLLYWOOD BLVD
STE C 137
Los Angeles, CA 90027
630-465-3557
Theloreofdoa@gmail.com
In Pro Per

FILED

2026 JUN 24  PM 12: 26

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA WESTERN DIVISION

Scott Hochstetter

                     PLAINTIFF

       V.

CITY OF LOS ANGELES; et al.,

                 Defendants

Case #2:26-cv-01630- DOC KS

**MOTION FOR EXTENSION OF TIME TO FILE SECOND AMENDED COMPLAINT, TEMPORARY STAY AND REQUEST FOR EXTENSION OF TIME TO SERVE DEFENDANTS**

**PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE SECOND AMENDED COMPLAINT, REQUEST FOR TEMPORARY STAY, AND REQUEST FOR EXTENSION OF TIME TO SERVE DEFENDANTS ALUOTTO AND HALL**

Plaintiff Scott Thomas Hochstetter, appearing in pro per, respectfully moves this Court for an order extending the deadline to file a Second Amended Complaint pursuant to Federal Rule of Civil Procedure 6(b)(1)(B). Plaintiff further requests that this action be temporarily stayed pending resolution of the related state criminal proceeding, People v. Hochstetter, Los Angeles Superior Court Case No. 25CJCF01106-01. Plaintiff also requests additional time to

MOTION FOR EXTENSION OF TIME  1

complete service upon Defendants Aluotto and Hall pursuant to Federal Rule of Civil Procedure 4(m).

This motion is based on this memorandum, the record in this action, and any further argument the Court may permit.

**I. PROCEDURAL HISTORY**

Plaintiff filed this civil rights action under 42 U.S.C. § 1983 to preserve constitutional claims arising from arrests, seizures, prosecutions, and related law-enforcement conduct connected to Plaintiff's protected First Amendment activity.

On May 7, 2026, this Court dismissed Plaintiff's First Amended Complaint with leave to amend and granted Plaintiff thirty days to file a Second Amended Complaint. Plaintiff did not file the Second Amended Complaint within that period.

No final judgment has been entered, and this civil action has not been terminated. Plaintiff now respectfully requests an extension of time based on good cause and excusable neglect.

**II. EXCUSABLE NEGLECT EXISTS UNDER RULE 6(b)(1)(B)**

Federal Rule of Civil Procedure 6(b)(1)(B) permits a court to extend a deadline after it has expired where the failure to act resulted from excusable neglect. Plaintiff respectfully submits that good cause and excusable neglect exist under the circumstances presented here.

Plaintiff is a self-represented litigant who, throughout the relevant period, was simultaneously involved in multiple criminal and civil proceedings arising from overlapping facts, witnesses, evidence, and constitutional issues.

MOTION FOR EXTENSION OF TIME  2

Most significantly, Plaintiff remains the defendant in an active felony prosecution pending in Los Angeles Superior Court, People v. Hochstetter, Case No. 25CJCF01106-01. That criminal matter arises from events closely related to the subject matter of this federal action and involves many of the same witnesses, records, reports, recordings, and legal issues.

In addition, Plaintiff was simultaneously defending sixteen misdemeanor criminal charges arising from related events and circumstances. Those misdemeanor proceedings required substantial preparation and were scheduled for jury trial before ultimately being dismissed on the eve of trial. Following those dismissals, Plaintiff turned his attention toward preparing a Second Amended Complaint in this action.

Plaintiff is also actively litigating related civil matters in both California and Florida. Plaintiff is the plaintiff in Hochstetter v. La Poubelle, Inc., et al., Los Angeles Superior Court Case No. 26STCV12577, and Hochstetter v. Aaron Smith-Levin, et al., Case No. 26-002366-CI, pending in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida. These matters involve overlapping individuals, publications, communications, evidence, and events that are relevant to the claims asserted in this action.

As a self-represented litigant managing multiple proceedings in different jurisdictions, Plaintiff was required to devote substantial time to trial preparation, discovery review, motion practice, records requests, witness preparation, and legal research. Plaintiff was also required to evaluate the impact of ongoing criminal proceedings on the viability and timing of federal claims potentially affected by Younger abstention, Heck v. Humphrey, Wallace v. Kato, and related doctrines.

Plaintiff's failure to file a timely Second Amended Complaint was not the result of bad faith, intentional delay, disregard of the Court's orders, or an attempt to gain a tactical advantage. Rather, it resulted from the practical difficulties associated with simultaneously litigating multiple complex and overlapping matters while proceeding without counsel.

Under these circumstances, Plaintiff respectfully submits that excusable neglect and good cause exist to permit an extension of time and to allow Plaintiff an opportunity to file a comprehensive Second Amended Complaint that accurately reflects the procedural posture of the related criminal and civil proceedings.

## III. A TEMPORARY STAY IS APPROPRIATE

Plaintiff further requests that this action be temporarily stayed pending final resolution of the related state criminal case.

Under Wallace v. Kato, 549 U.S. 384, 393–94 (2007), when a plaintiff files a § 1983 claim before conviction, or files another claim related to rulings likely to be made in a pending or anticipated criminal trial, the district court has discretion, consistent with common practice, to stay the civil action until the criminal case, or the likelihood of a criminal case, has ended.

A stay is also appropriate where federal damages claims cannot be fully resolved in the state criminal case. Under Deakins v. Monaghan, 484 U.S. 193 (1988), and Gilbertson v. Albright, 381 F.3d 965 (9th Cir. 2004), when Younger abstention applies to claims for monetary damages, the proper course is generally to stay the federal damages action rather than dismiss it outright.

Here, Plaintiff seeks damages for alleged constitutional violations. The ongoing state criminal case may affect the timing and framing of Plaintiff's federal claims, including false arrest, unlawful seizure, First Amendment retaliation, selective enforcement, and malicious prosecution.

A temporary stay would preserve Plaintiff's federal rights while avoiding interference with the pending state criminal proceeding. A stay would also promote judicial economy by avoiding piecemeal amendments and repeated pleadings while the related criminal case remains active.

Once the state criminal case is resolved, Plaintiff can file a single, clearer Second Amended Complaint that accurately reflects which claims have matured, which claims remain appropriate, and which allegations are supported by the developed record.

## IV. REQUEST FOR EXTENSION OF TIME TO SERVE DEFENDANTS ALUOTTO AND HALL

Plaintiff also respectfully requests additional time to complete service upon Defendants Aluotto and Hall pursuant to Federal Rule of Civil Procedure 4(m).

Plaintiff has made diligent efforts to locate and serve these defendants, but service has been difficult for reasons outside Plaintiff's control. Defendant Aluotto has retired from law enforcement and reportedly relocated to the State of Ohio. Despite Plaintiff's efforts, Plaintiff has been unable to identify a current address at which service may be completed.

Plaintiff is informed and believes that the Deputy District Attorney handling Plaintiff's related felony criminal case has likewise experienced difficulty locating Defendant Aluotto. Plaintiff is further informed and believes that court-appointed defense investigator David

MOTION FOR EXTENSION OF TIME  5

Goodman, who has been involved in the related criminal proceedings, has also encountered difficulty locating both Defendant Aluotto and Defendant Hall.

Plaintiff has also experienced difficulty locating and securing the appearance of Defendant Hall. During the related criminal proceedings, Plaintiff has participated in multiple hearings involving witness appearance and discovery issues. Plaintiff is informed and believes that the prosecution has similarly experienced difficulty securing the appearance and participation of these officers in connection with those proceedings.

These circumstances demonstrate that the difficulty in locating and serving Defendants Aluotto and Hall is not the result of a lack of diligence by Plaintiff, but rather results from the practical difficulty of locating former or unavailable law-enforcement witnesses whose whereabouts and availability have proven difficult to determine.

Plaintiff has otherwise diligently pursued service in this matter and has successfully served or attempted to serve numerous defendants. Plaintiff continues to make reasonable efforts to identify valid service locations for the remaining unserved defendants.

Accordingly, Plaintiff respectfully submits that good cause exists under Federal Rule of Civil Procedure 4(m) for an extension of time to serve Defendants Aluotto and Hall. Plaintiff therefore requests an additional ninety (90) days, or such other period as the Court deems appropriate, in which to complete service.

**V. REQUESTED RELIEF**

Plaintiff respectfully requests that the Court:

1.     Find excusable neglect under Federal Rule of Civil Procedure 6(b)(1)(B);

2.    Extend Plaintiff's deadline to file a Second Amended Complaint;

3.    Temporarily stay this action pending final resolution, dismissal, or judgment in Los Angeles Superior Court Case No. 25CJCF01106-01;

4.    Order that Plaintiff file the Second Amended Complaint within thirty days after the related state criminal case is dismissed, resolved, or otherwise reaches final judgment, or by any other date the Court finds proper;

5.    Extend the deadline to serve Defendants Aluotto and Hall by ninety (90) days under Federal Rule of Civil Procedure 4(m); and

6.    Grant any other relief the Court deems just and proper.

## VI. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant an extension of time to file the Second Amended Complaint, temporarily stay this action pending resolution of the related state criminal case, and grant additional time to serve Defendants Aluotto and Hall.

Granting this relief will not prejudice any Defendant, will conserve judicial resources, and will permit the related criminal and civil proceedings to reach a more developed posture before Plaintiff files a comprehensive Second Amended Complaint.

Dated: June 19th, 2026

Respectfully submitted,

Scott Thomas Hochstetter

Plaintiff In Pro Per

MOTION FOR EXTENSION OF TIME  7